NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAFA REYAD, : | |
| Plaintiff, : | Civil Action No. 06-4126 (JAG) |
| v. : | **OPINION** |
| AXA FINANCIAL, INC., : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion for partial summary judgment by *pro se* Plaintiffs Wafa and Mostafa Reyad on their unlawful detainer claim, pursuant to FED. R. CIV. P. 56(c), and the cross motion for summary judgment by Defendant AXA Financial, Inc. ("AXA"), pursuant to FED. R. CIV. P. 56(c). For the following reasons, Defendant's motion is granted, and Plaintiffs' motion is denied.

**I. BACKGROUND**

Plaintiff Wafa Reyad filed the instant action against AXA on July 25, 2006 in the Superior Court of New Jersey, in Bergen County. On August 31, 2006, AXA removed the action to this Court on the ground that this Court has diversity jurisdiction over the dispute, pursuant to 28 U.S.C. § 1332(a).

On January 3, 2007, Plaintiffs filed an Amended Complaint,[1] which asserts claims against

---

[1] The Amended Complaint adds Mostafa Reyad as a plaintiff to the action.

1

AXA for "unlawful detainer."[2] Count One of the Amended Complaint alleges that Plaintiff Wafa Reyad has a life insurance policy with AXA, on which he has made monthly payments for the last twenty years, in excess of $27,000 (the "Policy"). (Compl., ¶ 5.) Plaintiffs further allege that Wafa Reyad and AXA entered into an Annuity Contract (the "Annuity"), naming Mostafa Reyad, Wafa Reyad's husband, as the beneficiary. (Id., ¶ 6.) According to Plaintiffs, Wafa Reyad has contributed $145,000 under the Annuity, and the Annuity's value to date is approximately $138,000. (Id.)

Uncontested evidence before this Court indicates that both the Policy and the Annuity are the subject of a prejudgment remedy obtained by IndyMac Mortgage Holdings, Inc. and IndyMac, Inc. (collectively, "IndyMac") in a civil action filed against Mostafa and Wafa Reyad in the United States District Court in the District of Connecticut in May 2000. (Torkelson Decl., Exhs. A-D.) Magistrate Judge William I. Garfinkel of the United States District Court in the District of Connecticut issued a ruling and order on May 17, 2000, through which he restrained the Reyads from transferring or otherwise disposing of their property outside the ordinary course of business for the duration of the action. (Torkelson Decl., Exh. D.)

Also in May 2000, IndyMac filed a separate civil action against the Reyads in the United States District Court in the District of New Jersey. (Torkelson Decl., Exh. L.) The action was assigned to this Court. On May 12, 2000, this Court entered an Order to Show Cause, pursuant to FED. R. CIV. P. 65(b), restraining the Reyads from "transferring, encumbering, or otherwise disposing of [their] assets." (Torkelson Decl., Exh. M. at 2.) The Order to Show Cause also

---

[2]An unlawful detainer action usually pertains to real estate, and seeks to dispossess someone who has unjustifiably retained another's property.

issued a writ of attachment, pursuant to FED. R. CIV. P. 64, through which the Reyads' assets, including, but not limited to, the Policy and Annuity, were attached and garnished. (Torkelson Decl., Exh. M at 2-3.) On October 31, 2000, this Court entered an Order granting IndyMac's motion for a preliminary injunction, continuing the restraints of the May 12, 2000 Order to Show Cause, pursuant to FED. R. CIV. P. 65(a). (Torkelson Decl., Exh. O.)

Despite various attempts by the Reyads to have the restraints on their assets lifted in both the Connecticut and New Jersey IndyMac cases, both courts' restraints remain in effect. (Torkelson Decl., Exhs. H, N, O & P.)

Plaintiffs allege that on or about May 18, 2006, Wafa Reyad requested a loan on the Policy, in the amount of $25,000, and liquidation of the Annuity. (Id., ¶ 7.) AXA denied both of Wafa Reyad's requests. (Id.) Plaintiffs contend that AXA's conduct constitutes an unlawful detainer in violation of New Jersey law. As relief, Plaintiffs seek an order directing AXA to release $25,000 as a loan on the Policy, and an order directing AXA to liquidate the Annuity, which has an alleged value of $138,000. (Compl. at 3.)

On January 18, 2007, Plaintiffs filed a motion for partial summary judgment on Count One of their Amended Complaint. Plaintiffs' motion argues that AXA does not dispute any material fact alleged in Count One, and that application of New Jersey law mandates that this Court order AXA to release the disputed funds as a matter of law.[3] AXA responds that

---

[3]This Court notes that Plaintiffs, in moving for summary judgment, have failed to comply with Local Civil Rule 56.1, which requires parties to a summary judgment motion to submit statements identifying material facts as to which there does or does not exist a genuine issue. The purpose of a Rule 56.1 statement is "to narrow the issues before the District Court . . . ," L. CIV. R. 56.1 cmt. 2, and "save this court from having to drudge through deposition transcripts . . . to determine the facts." See Comose v. New Jersey Transit Rail Operations, Inc., No. CIV. A. 98-2345, 2000 WL 33258658, at *1 (D.N.J. Oct. 6, 2000). While failure to submit such a

Plaintiffs' motion should be denied because (1) contrary to Plaintiffs' arguments, AXA has asserted specific defenses to Plaintiffs' claims; and (2) the relief Plaintiffs request cannot be granted because Plaintiffs' Policy and Annuity remain subject to judicial restraints.

On June 25, 2007, AXA filed a cross motion for summary judgment on the ground that AXA is bound by the judicial restraints against Plaintiffs' assets, and cannot be held liable for complying with those restraints.

## II.  DISCUSSION

### A.  Legal Standard Governing Motions For Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show

---

statement is an appropriate ground to deny Plaintiffs' motion, see id. and In re Mercedes-Benz Anti-Trust Litigation, 364 F. Supp. 2d 468, 475 (D.N.J. 2005), in light of Plaintiffs' *pro se* status, this Court will overlook this potentially fatal flaw with the understanding that Plaintiffs must comply with all applicable rules and orders of this Court.

affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

### B.    Defendant Is Entitled To Summary Judgment On Plaintiffs' Claims

Plaintiffs argue that they are entitled to judgment as a matter of law on their unlawful detainer claim because New Jersey law provides that certain liens, specifically, notices of lis pendens and liens of civil recognizance, are subject to statutes of limitations, which have expired. AXA argues that it is entitled to summary judgment on Plaintiffs' claims because it cannot be held liable for complying with the judicial restraints against Plaintiffs' assets, specifically the Policy and Annuity. AXA further argues that Plaintiffs' action is an improper collateral attack on the restraints issued by the Connecticut district court, and this Court in the IndyMac litigation.

First, this Court notes that, pursuant to FED. R. CIV. P. 65(d), an injunction is binding not only upon the parties, but "upon those persons in active concert of participation with them that receive actual notice of the order . . . ." Furthermore, a non-party with notice of an injunction may be held liable and in contempt for aiding the violation of that injunction. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). See also FED. R. CIV. P. 71; Westlake North Property Owners Association v. City of Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990); Lasky v. Quinlan, 558 F.2d 1133, 1137 (2d Cir. 1977); McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 344 (9th Cir. 1966).

AXA is on notice of this Court and the Connecticut court's judicial restraints on Plaintiffs' assets, including the Policy and Annuity. Were AXA to release funds to Plaintiffs by

granting them a loan on the Policy, and liquidating the Annuity, AXA certainly would be aiding Plaintiffs in violation of the standing judicial restraints against their assets. FED. R. CIV. P. 65(d). AXA could be held liable for such conduct. FED. R. CIV. P. 71. This Court cannot find that Plaintiffs can hold AXA liable for complying with this Court's, and the Connecticut court's, standing orders.

      Additionally, Plaintiffs claims fail to the extent Plaintiffs argue that AXA should be forced to comply with their demands for a loan on the Policy and liquidation of the Annuity on the ground that the judicial restraints entered by this Court and the Connecticut court are invalid. Plaintiffs' action in this regard is an impermissible collateral attack on the restraints entered by this Court and the Connecticut court, pursuant to our equitable authority. Dissatisfied with the restraints entered in the IndyMac actions, Plaintiffs cannot now attempt to defeat court orders by seeking a conflicting judgment against a third party, AXA. See Howat v. State of Kansas, 258 U.S. 181, 189 (1922) (adopting the state supreme court's holding that the trial court "had general power to issue injunctions in equity, and that even if its exercise of the power was erroneous, the injunction was not void, and the defendants were precluded from attacking it in this collateral proceeding . . . that, if the injunction was erroneous, jurisdiction was not thereby forfeited, that the error was subject to correction only by the ordinary method of appeal, and disobedience to the order constituted contempt"); Walker v. City of Birmingham, 388 U.S. 307, 314 (1967) ("The rule of state law accepted and approved in Howat v. State of Kansas is consistent with the rule of law followed by the federal courts"). See also Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) ("We have made clear that it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by

itself or by a higher court, its orders based on its decision are to be respected.") (internal quotations omitted).

Here, Plaintiffs' appropriate remedy is to challenge the restraints in the IndyMac actions, through motions in the district court in those actions, or through the appellate process. Plaintiffs' sole remedy if it is ultimately determined that their assets have been wrongly restrained is recourse against the bond. See Instant Air Freight, Co. v. C. F. Air Freight, Inc., 882 F.2d 797, 804 (3d Cir. 1989).

For these reasons, this Court finds that summary judgment for AXA is appropriate, and Plaintiffs' motion for partial summary judgment must be denied.[4]

### III.  CONCLUSION

For the foregoing reasons, this Court finds that Plaintiffs' motion for partial summary judgment is denied, and Defendant's motion for summary judgment is granted. Judgment will be entered for the Defendant.


Dated: August 27, 2007                             ___s/ Joseph A. Greenaway, Jr._____
                                                   JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[4] Plaintiffs have also moved this Court for expedited consideration of their motion for partial summary judgment, pursuant to 28 U.S.C. § 1657(a). This Court, having addressed the parties' motions for summary judgment herein, need not address the merits of Plaintiffs' motion for expedited consideration. Plaintiffs' motion for expedited consideration is denied as moot.